BRUCE REED GOODMILLER (CA SBN 121491)
City Attorney
Email: bruce_goodmiller@ci.richmond.ca.us
RACHEL SOMMOVILLA (CA SBN 231529)
Assistant City Attorney
Email: rachel_sommovilla@ci.richmond.ca.us
CITY OF RICHMOND
450 Civic Center Plaza
Richmond, California  94804
Telephone:  510.620.6509
Facsimile:  510.620.6518

ARTURO J. GONZÁLEZ (CA SBN 121490)
Email:  AGonzalez@mofo.com
ALEXIS A. AMEZCUA (CA SBN 247507)
Email:  AAmezcua@mofo.com
ALEJANDRO L. BRAS (CA SBN 280558)
Email:  ABras@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile: 415.268.7522

Attorneys for Respondent
THE CITY OF RICHMOND, MAYOR TOM
BUTT, and RICHMOND CITY COUNCIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRAWLDEF, a public benefit corporation, CITIZENS FOR EAST SHORE PARKS, a public benefit corporation, JAMES HANSON, TONY SUSTAK, PAUL CARMAN and PAMELA STELLO, individuals,<br><br>              Petitioners,<br><br>     v.<br><br>CITY OF RICHMOND, a California municipality, MAYOR TOM BUTT and RICHMOND CITY COUNCIL, in their official capacities, and Does 1 to 10, inclusive,<br><br>              Respondents. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Contra Costa County Superior Court (Case No. N18-1001) |

# NOTICE OF REMOVAL

**TO THE CLERK OF THIS COURT, PETITIONERS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. § 1446, Respondents City of Richmond, and Mayor Tom Butt and Richmond City Council, in their official capacities, (collectively, "Respondents" or "City") hereby removes the above-captioned state court civil action currently pending in the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California.

In support of this Notice of Removal, City states as follows:

## BACKGROUND

1. On or about May 21, 2018, petitioners SPRAWLDEF, Citizens for East Shore Parks, James Hanson, Tony Sustak, Paul Carman, and Pamela Stello (collectively, "Petitioners") filed an action in the Superior Court of California, County of Contra Costa, entitled *SPRAWLDEF, et al. v. City of Richmond, et al*, Case No. N18-1001 (the "State Court Action"). The City was served on or about May 30, 2018.

2. Attached hereto as **Exhibit A** is a true and correct copy of the petition filed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), Exhibit A constitutes all the process, pleadings, and orders served upon Respondents in the State Court Action.

3. Petitioners allege that the City's approval of the Court Judgment entered by Judge Yvonne González Rogers on April 12, 2018 ("Federal Judgment"), in *The Guidiville Rancheria of California et al v. United States of America et al*, federal Northern District of California, Case No. 4:12-cv-01326-YGR ("Federal Court Action"), violated the Brown Act, Government Code § 54950 *et seq*. Attached hereto as **Exhibit B** is a true and correct copy of the Federal Judgment (Dkt. 361). Petitioners assert that the City is in violation of Government Code §§ 54953, 54954.2, 54956.9, 54962, and that the City's approval of the Federal Judgment should be rendered and declared null and void.

4. The City has not pled, answered, or otherwise appeared in the State Court Action.

## TIMELINESS OF REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The City was served on May 30, 2018, and therefore the City has until June 29, 2018, to file the notice of removal. Thus, removal is timely.

## VENUE IS PROPER IN THIS COURT

6. This action is properly removable to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446(a) because the Superior Court of California, County of Contra Costa, in which the State Court Action was brought, lies within this district.

## BASIS FOR REMOVAL JURISDICTION

7. Jurisdiction is proper in this Court under the doctrine of ancillary jurisdiction. Courts typically assert ancillary jurisdiction for two purposes: "(1) to permit disposition by a single court of claims that are, in varying degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (US 1994) (internal citations omitted). The first purpose was codified as part of 28 U.S.C. § 1367. This case involves the second purpose—the equitable doctrine of ancillary jurisdiction over collateral proceedings. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966-67 (9th Cir. 2014); *Nat'l City Mortgage Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir.2011) ("Ancillary jurisdiction is a common law doctrine that survived the codification of supplemental jurisdiction in 28 U.S.C. § 1367.").

8. Under the equitable doctrine of ancillary jurisdiction, a federal court may exercise "ancillary jurisdiction over *proceedings* related to, but technically separate from, a federal lawsuit." *K.C. ex rel. Erica C.*, 762 F.3d at 965 (emphasis in original). This type of ancillary jurisdiction "rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice." *Id*. at 967 (citing *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982)). Ancillary jurisdiction thus allows federal courts to retain

1  "jurisdiction over some matters (otherwise beyond their competence) that are incidental to other
2  matters properly before them."  *Kokkonen*, 511 U.S. at 378.

3    9. The State Court Action brought by Petitioners is directly related to the Federal Court
4  Action.  The State Court Action seeks to nullify the Federal Court's entry of the final Judgment in
5  the Federal Court Action.  It is necessary that this Court decide Petitioners' claims to render
6  complete justice.

7    10. Couched as a Brown Act issue, the State Court Action is in reality an attempt to
8  dismantle this Court's Judgment.  That Petitioners' goal is to overturn the Federal Judgment
9  entered by Judge González Rogers is shown by their Administrative Motion for leave to file a
10 motion to intervene or, in the alternative, for leave to appear specially to request a stay, filed in
11 the Federal Court Action on June 8, 2018 (Petitioners' "Administrative Motion").[1]  Attached
12 hereto as **Exhibit C** is a true and correct copy of Petitioners' Administrative Motion (Dkt. 372).
13 Petitioners' Administrative Motion states:  "If the state court finds that the Brown act was
14 violated . . . Moving Parties would then seek the Court's leave to intervene and seek vacation of
15 the judgment [.]"  (Petitioners' Administrative Motion at 5).

16   11. In determining whether ancillary jurisdiction is proper, courts look to the terms of
17 the court judgment or order of dismissal.  *See Kokkonen*, 511 U.S. at 381 (finding that removal
18 was ultimately improper, but noting that "[t]he situation would be quite different if the parties'
19 obligation to comply with the terms of the settlement agreement had been made part of the order
20 of dismissal . . . such as a provision 'retaining jurisdiction' over the settlement agreement").
21 Here, Judge González Rogers expressly retained jurisdiction.  Paragraph 47 of the Federal
22 Judgment reads:  "The Court shall retain jurisdiction over this Action to enforce the terms of this
23 Judgment."

24   12. Not only does this matter belong in federal court, it belongs before Judge González
25 Rogers directly.  Petitioners seek to challenge her authority and the very terms of the Federal

---

[1] By filing the Administrative Motion seeking leave to intervene in the Federal Court Action, Petitioners concede that this Court has jurisdiction over their petition.

1  Judgment, which expressly retained jurisdiction in her Court.  As a result, the City will promptly

2  file an administrative motion seeking to have this action and the Federal Court Action related.

3  The City believes these actions are properly related under Civil Local Rule 3-12(a), as the actions

4  concern the same property and event, and it is likely there will be conflicting results if the cases

5  are conducted before different judges.  Indeed, the same would be true if the State Court Action

6  was permitted to proceed in state court while the federal court enforces the Federal Judgment.

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Civil Local Rule 3-2(c), this action should be assigned to the San Francisco and Oakland Division, because the Superior Court of California, County of Contra Costa, in which the State Court Action was brought, lies within this court division.

## CONCLUSION

14. For the reasons stated above, this Court has jurisdiction over this action pursuant to the common law doctrine of ancillary jurisdiction over collateral proceedings.  This action is removable pursuant to 28 U.S.C. § 1446.

## NOTICE TO STATE COURT AND PLAINTIFF

15. Counsel for the City certifies that pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of Contra Costa, and written notice is being provided to Petitioners.

WHEREFORE, the above-described action pending in the Superior Court of California, County of Contra Costa, is hereby removed to the United States District Court for the Northern District of California.

Dated:      June 29, 2018

ARTURO J. GONZÁLEZ
ALEXIS A. AMEZCUA
ALEJANDRO L. BRAS
MORRISON & FOERSTER LLP

By:    /s/ *Alexis A. Amezcua*
          Alexis A. Amezcua

Attorneys for Respondent
THE CITY OF RICHMOND, MAYOR TOM BUTT, and RICHMOND CITY COUNCIL