# EXHIBIT C

1  Kelly T. Smith (SBN 196821)
2  Stuart M. Flashman (SBN 148396)
   THE SMITH FIRM
3  5453 Parish Court
   Sacramento, CA 95822
4  Telephone (916) 930-1961
   manager@themithfirm.com
5  stu@stuflash.com

6  Attorneys for Moving Parties

10              **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13  THE GUIDOVILLE RANCHERIA OF            Case No. CV 12-1326 YGR
    CALIFORNIA, *et al.*,
14                                          ADMINISTRATIVE MOTION FOR LEAVE
                Plaintiffs,                 TO FILE A MOTION TO INTERVENE OR,
15      vs.                                 IN THE ALTERNATIVE, FOR LEAVE TO
                                            APPEAR SPECIALLY
16  THE UNITED STATES OF AMERICA *et al.*,
17              Defendants.
                                            Judge: Hon. Yvonne Gonzalez Rogers
18

                                     1

# NOTICE OF MOTION AND MOTION FOR LEAVE TO APPEAR SPECIALLY OR, IN THE ALTERNATIVE FOR LEAVE TO FILE A MOTION TO INTERVENE

TO ALL PARTIES TO THE ABOVE-ENTITLED ACTION AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that SPRAWLDEF, a California non-profit public benefit corporation, CITIZENS FOR EASTSHORE PARKS, a California non-profit public benefit corporation, and JAMES HANSON, TONY SUSTAK, PAUL CARMEN, and PAMELA STELLO, individuals, (the foregoing, collectively, hereinafter referred to as "Moving Parties") move this Court for an order granting leave to file a motion to intervene. In the alternative, the Moving Parties seek an order granting leave to appear specially to seek a stay of the Court's judgment in this case, pending the resolution of a currently pending state court suit that implicates the validity of the judgment entered herein.

This motion is made pursuant to Civil Local Rule 7-11 and Federal Rules of Civil Procedure 24, 60(b)(3), and 62(b) on the grounds that, based on an action currently pending in California state court (See Exhibit A to Supporting Declaration of Stuart Flashman), the judgment entered by the Court appears not have been properly authorized and may therefore be invalid. The moving parties therefore seek to move the Court to either allow consideration of their intervention to challenge the validity of the judgment or to stay that judgment until the state court action can be heard and decided.

Moving Party SPRAWLDEF is California public benefit nonprofit corporation, as is Moving Party CITIZENS FOR EAST SHORE PARKS ("CESP"). Moving Parties JAMES HANSON, TONY SUSTAK, PAUL CARMEN, and PAMELA STELLO are all residents and citizens of the City of Richmond. All of the moving parties (collectively, "Moving Parties") share an interest in protecting the public's rights under the Ralph M. Brown Act and other California statutes that call for a public process, including public hearings and the right to participate in the public decision-making process for the City of Richmond.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUE TO BE DECIDED

Moving Parties seek leave of the Court to file a motion to intervene. Intervention is sought to seek relief from the Court's judgment under F.R.C.P. Rule 24 based on one or more officers of the Court having perpetrated a fraud on the Court in representing their authority to approve entry of judgment on behalf of Defendant City of Richmond, when such authorization had not and could not be validly given based on the actions taken in closed session. In the alternative, Moving Parties seek to appear specially before the Court to seek a stay of the Court's judgment in this case pending the determination of the state court action that would implicate the validity of the Court's entered judgment.

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

The current case was a challenge by an Indian tribe and a developer to the City of Richmond's ("City") rejection of the tribe and developer's joint proposal for development of a casino complex on a former naval base located at Point Molate in the City of Richmond. The case also involved the United States as a defendant. The Ninth Circuit Court of Appeal ordered dismissal of several causes of action against the City of Richmond and remanded the case to the trial court for trial of the remaining causes of action against the City..

Upon remand, plaintiffs and the City entered into a court-ordered mediation to determine whether the case could settle. In connection with the mediation, the Richmond City Council ("Council") held a number of confidential closed session meetings to discuss the mediation and settlement proposals raised in the mediation. Under provisions of the Ralph M. Brown Act ("Brown Act," Government Code §§ 54950 et seq.), and specifically Gov. Code §54956.9, the "litigation exception," the Council was allowed to exclude the public from those closed sessions and keep confidential the contents of the discussions that occurred therein.

However, while the Brown Act allows a legislative body to keep confidential and not disclose to the public a proposed settlement of litigation until that settlement has received final

3

CASE NO. CV 12-1326-YGR
MOTION FOR LEAVE TO FILE A MOTION TO INTERVENE, OR, IN THE ALTERNATIVE, FOR LEAVE TO APPEAR SPECIALLY

court approval, such a confidential settlement cannot include binding the public entity to granting a final vested right.  Nor may it include committing the public entity to approving legislative action that requires a public hearing.  (*Trancas Property Owners Assn. v. City of Malibu* (2006) 138 Cal.App.4th 172, 186.)  Yet the settlement approved by this Court, reached without the knowledge or participation of the people of Richmond or other parties with interests in the subject matter of the settlement, effectively committed the City to granting a vested right to develop a certain amount of residential development with Point Molate, a right that required the City's consideration and approval in open session after an opportunity for public discussion and comment.  The settlement also committed the City to rezoning portions of Point Molate to allow that development, a legislative act that, under California law, required the participation of the public through public hearings before both the City's Planning Commission and the Council.  None of that occurred.

In a state court action that has been filed against the City, its Mayor, and the City Council, the Moving Parties have challenged the approvals that allowed to City to enter into the judgment entered by this Court. (See Exhibit A to the Declaration of Stuart M. Flashman.  If that lawsuit is successful, the result will include invalidating those approval, and hence of the City's authority to enter into the judgment.

**ARGUMENT**

**I.      THE MOVING PARTIES SHOULD BE GRANTED LEAVE TO FILE A MOTION TO INTERVENE IN ORDER TO SEEK RELIEF FROM THE JUDGMENT ENTERED HEREIN.**

As explained above, the Mayor of the City of Richmond, and the City's counsel of record, signed off on the proposed judgment presented to the Court for its approval.  In doing so, they represented that they had legal authority to concur, on behalf of the City, in the entry of that judgment.  However, Moving Parties have filed an action in state court, asserting that the City, and its City Council, violated the Brown Act by authorizing approval of that judgment in closed session when the judgment committed the City to approving the granting of vested rights and legislative actions.  Yet, under state law, neither approval could be granted in closed session.

4

CASE NO. CV 12-1326-YGR
MOTION FOR LEAVE TO FILE A MOTION TO INTERVENE, OR, IN THE ALTERNATIVE, FOR LEAVE TO APPEAR SPECIALLY

(*Trancas Property Owners Assn. v. City of Malibu ("Trancas")*)(2006) 138 Cal.App.4th 172, 186.) Thus, the Mayor and the City's legal counsel misrepresented their authority to the Court, thereby perpetrating a fraud upon the Court.

Under *Hazen-Atlas Glass Co. v. Hartford Empire Co.* (1944) 322 U.S. 238, 245-246 [64 S.Ct. 997, 1001; 88 L.Ed. 1250] the Court has an inherent right to vacate its own judgment upon proof that fraud was perpetrated on it by a successful litigant. In this case, the fraud involved the City's representation that it was authorized to approve the proposed judgment being set before the Court for its approval. However, under *Trancas, supra*, the City Council's action in authorizing acceptance of the proposed judgment was improper and done in violation of the Brown Act. Moving Parties seek to present the facts supporting the occurrence of this fraud to the Court, and to have to Court's judgment stayed until a California court can adjudicate the asserted Brown Act violation. If the California court finds that the Brown Act was violated, Moving Parties will seek to vacate the Court's judgment under Federal Rules of Civil Procedure 60(b)(3) and/or 60(d)(3).

## II. IN THE ALTERNATIVE, MOVING PARTIES SHOULD BE GRANTED LEAVE TO APPEAR SPECIALLY TO SEEK A STAY OF THE COURT'S JUDGMENT PENDING THE DETERMINATION IN STATE COURT OF THE LEGALITY OF THE CITY'S APPROVAL OF THE JUDGMENT.

If the Court is not inclined to allow Moving Parties to file a Motion to Intervene at this point, the Court should, in the alternative, allow Moving Parties to appear specially before the Court to seek a stay of the Court's judgment pending the state court's determination of whether the City Council's action in authorizing approval of the proposed judgment violated the Brown Act. If the state court finds that the Brown act was violated, making the City's approval of the proposed judgment invalid, Moving Parties would then seek the Court's leave to intervene and seek vacation of the judgment, based on fraud upon the Court.

## CONCLUSION

For all the above reasons,.

Dated:

5

CASE NO. CV 12-1326-YGR
MOTION FOR LEAVE TO FILE A MOTION TO INTERVENE, OR, IN THE ALTERNATIVE, FOR LEAVE TO APPEAR SPECIALLY

Respectfully submitted,

Kelly T. Smith
Stuart M. Flashman
THE SMITH FIRM

Attorneys for Moving Parties SPRAWLDEF *et al.*

By: /s/ Stuart M Flashman
Stuart M. Flashman

6

CASE NO. CV 12-1326-YGR
MOTION FOR LEAVE TO FILE A MOTION TO INTERVENE, OR, IN THE ALTERNATIVE, FOR LEAVE TO APPEAR SPECIALLY