1  BRUCE REED GOODMILLER (CA SBN 121491)
   City Attorney
2  Email:  bruce_goodmiller@ci.richmond.ca.us
   RACHEL SOMMOVILLA (CA SBN 231529)
3  Assistant City Attorney
   Email:  rachel_sommovilla@ci.richmond.ca.us
4  CITY OF RICHMOND
   450 Civic Center Plaza
5  Richmond, California  94804
   Telephone:  510.620.6509
6  Facsimile:  510.620.6518

7  ARTURO J. GONZÁLEZ (CA SBN 121490)
   Email:  AGonzalez@mofo.com
8  ALEXIS A. AMEZCUA (CA SBN 247507)
   Email:  AAmezcua@mofo.com
9  TIMOTHY S. KLINE (CA SBN 319227)
   Email:  TKline@mofo.com
10 MORRISON & FOERSTER LLP
   425 Market Street
11 San Francisco, California  94105-2482
   Telephone:  415.268.7000
12 Facsimile:  415.268.7522

13 Attorneys for Respondent
   THE CITY OF RICHMOND, MAYOR TOM
14 BUTT, and RICHMOND CITY COUNCIL

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18 SPRAWLDEF, a public benefit corporation,        Case No.:  18-cv-03918-YGR
   CITIZENS FOR EAST SHORE PARKS, a public
19 benefit corporation, JAMES HANSON, TONY         **RESPONDENTS' ANSWER TO FIRST**
   SUSTAK, PAUL CARMAN and PAMELA                  **AMENDED PETITION FOR WRIT OF**
20 STELLO, individuals,                            **MANDATE**

21                        Petitioners,

22          v.                                     Judge:          Yvonne Gonzalez Rogers
                                                   Courtroom:      No. 1, 4th Floor
23 CITY OF RICHMOND, a California                  Petition Filed: May 21, 2018
   municipality, MAYOR TOM BUTT and               Trial Date:     None Set
24 RICHMOND CITY COUNCIL, in their official
   capacities, UPSTREAM POINT MOLATE, a
25 California limited liability company, and the
   GUIDIVILLE RANCHERIA OF CALIFORNIA,
26 an Indian tribe,

27                        Respondents.

28

Respondents THE CITY OF RICHMOND, MAYOR TOM BUTT, and RICHMOND CITY COUNCIL ("Respondents") submit this Answer in response to the Petition for Writ of Mandate ("Petition") filed by petitioners SPRAWLDEF, CITIZENS FOR EAST SHORE PARKS, JAMES HANSON, TONY SUSTAK, PAUL CARMAN and PAMELA STELLO (collectively, "Petitioners"), as follows:

I.   **ANSWER TO PETITION**

1.   In response to paragraph 1 of the Petition, Respondents deny all the averments.

2.   In response to paragraph 2 of the Petition, Respondents lack sufficient information to admit or deny the averments regarding what Petitioners seek, and on that basis, denies all of them.

3.   In response to paragraph 3 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

4.   In response to paragraph 4 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.  Respondents admit only that Petitioners SPRAWLDEF and CESP previously brought suit against Upstream Point Molate and the City of Richmond regarding Point Molate.

5.   In response to paragraph 5 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

6.   In response to paragraph 6 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

7.   In response to paragraph 7 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

8.   In response to paragraph 8 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

9.   In response to paragraph 9 of the Petition, Respondents admit that the City of Richmond is a California municipality.

10.   In response to paragraph 10 of the Petition, Respondents admit that Mayor Tom Butt is the Mayor of the City of Richmond, but otherwise deny all other averments.

11.     In response to paragraph 11 of the Petition, Respondents admit that the City Council is the City Council of Richmond, but otherwise deny all other averments.

12.     In response to paragraph 12 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

13.     In response to paragraph 13 of the Petition, Respondents lack sufficient information to admit or deny the averments, and on that basis, denies all of them.

14.     In response to paragraph 14 of the Petition, Respondents deny all the averments.

15.     In response to paragraph 15 of the Petition, Respondents admit that this court has jurisdiction over the above-captioned action.  Respondents further admit that the City of Richmond, Mayor Tom Butt, and the City Council are located in or reside in Contra Costa County.  Respondents further admit that Point Molate is located in Contra Costa County. Respondents lack sufficient information to admit or deny whether the unspecified "actions of the respondents challenged" took place in Contra Costa County.  Except as expressly admitted above, Respondents deny all other averments.

16.     In response to paragraph 16 of the Petition, Respondents admit that Petitioners have sent a demand to Respondents that they "cure or correct" certain actions and that Petitioners commenced the present action after receipt of Respondents' notice of response to that demand. Respondents lack sufficient information to admit or deny all other averments.

17.     There are no averments in paragraph 17 that require a response.  In any event, Respondents deny the suggestion that the Petition refers to documents that will be filed as part of a record of proceedings, as no record has been compiled or submitted to the court, and also deny the unsupported conclusion that such documents are "incorporated by reference."

18.     In response to paragraph 18 of the Petition, Respondents admit that Point Molate is a decommissioned United States Naval Base.

19.     In response to paragraph 19 of the Petition, Respondents admit that the City sought to have the property transferred from the Navy to the City.  Except as expressly admitted above, Respondents deny all other averments.

1     20.     In response to paragraph 20 of the Petition, Respondents admit that the City of

2  Richmond has faced years of obstacles in developing Point Molate, including the present action.

3  Except as expressly admitted above, Respondents deny all other averments.

4     21.     In response to paragraph 21 of the Petition, Respondents admit that, pursuant to

5  the Judgment, the City has issued a Request for Qualifications inviting development proposals for

6  Point Molate.  Except as expressly admitted above, Respondents deny all other averments.

7     22.     In response to paragraph 22 of the Petition, Respondents admit that the City and

8  Upstream entered into a Land Disposition Agreement.  Except as expressly admitted above,

9  Respondents deny all other averments.

10     23.     In response to paragraph 23 of the Petition, Respondents deny all the averments.

11     24.     In response to paragraph 24 of the Petition, Respondents admit that petitioners

12  SPRAWLDEF and CESP filed an action against the City and Upstream.  Except as expressly

13  admitted above, Respondents deny all other averments.

14     25.     In response to paragraph 25 of the Petition, Respondents admit that the lawsuit

15  brought by petitioners SPRAWLDEF and CESP was settled in October 2010.  Except as

16  expressly admitted above, Respondents deny all other averments.

17     26.     In response to paragraph 26 of the Petition, Respondents admit that the federal

18  government's Bureau of Indian Affairs did not grant necessary approvals for gaming at Point

19  Molate.  Respondents further admit that, on April 5, 2011, Richmond's City Council passed and

20  adopted Resolution 23-11, to discontinue consideration of a casino at Point Molate.  Except as

21  expressly admitted above, Respondents deny all other averments.

22     27.     In response to paragraph 27 of the Petition, Respondents admit that the federal

23  government and the City were named as defendants in the matter of *Guidiville Rancheria of*

24  *California et al. v. United States of America et al.,* Northern District of California Case No. 4:12-

25  cv-01326.  Respondents deny all other averments to the extent they are inconsistent recitations of

26  the pleadings in the matter of *Guidiville Rancheria of California et al. v. United States of America*

27  *et al.,* Northern District of California Case No. 4:12-cv-01326.

28

28.     In response to paragraph 28 of the Petition, Respondents admit that the federal district court granted the City of Richmond's motion for judgment on the pleadings in the *Guidiville* matter.  Except as expressly admitted above, Respondents deny all other averments.

29.     In response to paragraph 29 of the Petition, Respondents admit that on August 4, 2017, the Ninth Circuit issued an order, and remanded the matter for further proceedings. Respondents deny all other averments to the extent they are inconsistent recitations of the decision in *Guidiville Rancheria of California v. United States* (9th Cir. 2017) 704 Fed.Appx. 655.

30.     In response to paragraph 30 of the Petition, Respondents lack sufficient information to admit or deny what activities all citizens of Richmond did and anticipated doing during the aforementioned litigation, and on that basis, denies the averments.  Respondents admit that a Point Molate Community Advisory Committee was established by City Council resolution, and which therein identifies the Committee's duties.  Except as expressly admitted above, Respondents deny all other averments.

31.     In response to paragraph 31 of the Petition, Respondents deny all the averments.

32.     In response to paragraph 32 of the Petition, Respondents admit that at the April 17, 2018 City Council open session, it was announced that a federal court judgment had been entered,resolving the *Guidiville* matter.  Prior to that announcement, the City had been ordered to mandatory settlement conference with a federal magistrate judge.  Except as expressly admitted above, Respondents deny all other averments.

33.     In response to paragraph 33 of the Petition, Respondents deny all the averments.

34.     In response to paragraph 34 of the Petition, Respondents admit that, at the April 17, 2018, City Council open session, citizens of Richmond were provided opportunity to comment on the settlement and Judgment.  Except as expressly admitted above, Respondents deny all the averments.

35.     In response to paragraph 35 of the Petition, Respondents admit that the Judgment is consistent with the 1997 Point Molate Reuse Plan.  Respondents further admit that the Judgment provides: "Discretionary City Approvals shall allow for a minimum of 670 residential units and further the goals of the Point Molate Reuse Plan, including preservation of open space

1    and rehabilitation of the Core Historic District (including Building 6)." (Judgment ¶ 8.)  The

2    Judgment further provides:  "The Parties acknowledge, and the Court expressly finds and orders,

3    that this Judgment is not an approval of a project, and the City is responsible for compliance with

4    all federal, state and local laws, regulations, and permits, relating to the Property, including

5    compliance with CEQA. This finding and order may be asserted by the Parties as a bar to any suit

6    challenging the validity of this Judgment."  (*Id*. ¶ 37.)  Except as expressly admitted above,

7    Respondents deny all other averments.

8         36.     In response to paragraph 36 of the Petition, Respondents admit that City Ordinance

9    No. 16-16, Article 15.04.304.030, provides the following:  "IS-3 includes the Point Molate study

10   area, where the City Council has initiated a review of appropriate zoning, development standards

11   and related open space for General Plan implementation in the context of the Point Molate Reuse

12   Plan."  Except as expressly admitted above, Respondents deny all other averments.

13        37.     In response to paragraph 37 of the Petition, Respondents deny all the averments.

14        38.     In response to paragraph 38 of the Petition, Respondents deny all the averments.

15        39.     In response to paragraph 39 of the Petition, Respondents admit that on April 30,

16   2018, the City received a letter from petitioners alleging violations of the Brown Act.  Except as

17   expressly admitted above, Respondents deny all other averments.

18        40.     In response to paragraph 40 of the Petition, Respondents admit that the City

19   responded on May 4, 2018 that there has been no violation of the Brown Act.  Except as

20   expressly admitted above, Respondents deny all other averments.

21        41.     There are no averments in paragraph 41 that require a response.

22                      **First Cause of Action for Violation of the Brown Act**

23        42.     In response to paragraph 42 of the Petition, Respondents incorporate by reference

24   its answers to paragraphs 1 through 41 of the Petition as through set forth here in full.

25        43.     The statements in paragraph 43 are legal arguments and as such are not averments

26   that require a response, and are therefore denied.

27        44.     The statements in paragraph 44 are legal arguments and as such are not averments

28   that require a response, and are therefore denied.

45.     The statements in paragraph 45 are legal arguments and as such are not averments that require a response, and are therefore denied.

46.     In response to paragraph 46 of the Petition, Respondents deny all the averments.

47.     In response to paragraph 47 of the Petition, Respondents deny all the averments.

48.     In response to paragraph 48 of the Petition, Respondents deny all the averments.

49.     In response to paragraph 49 of the Petition, Respondents deny all the averments.

50.     The statements in paragraph 50 are legal arguments and as such are not averments that require a response, and are therefore denied.

51.     The statements in paragraph 51 are legal arguments and as such are not averments that require a response, and are therefore denied.

## **Petitioner's Prayer**

Respondents deny that Petitioners are entitled to any of the relief that they seek in their prayer.

## II.     **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense – Failure to State a Claim**

1.     As a separate and independent affirmative defense, Petitioners fail to state a claim upon which relief may be granted.

### **Second Affirmative Defense – Lack of Standing**

2.     As a separate and independent affirmative defense, Petitioners lack standing to bring this Petition and similarly have an absence of beneficial interest.

### **Third Affirmative Defense – Ripeness**

3.     As a separate and independent affirmative defense, Petitioners have not stated a case or controversy that is ripe for determination by the Court as no case or controversy exists.

### **Fourth Affirmative Defense – No Actual Injury or Prejudice**

4.     As a separate and independent affirmative defense, Petitioners' claim is barred because Petitioners have not alleged any injury or prejudice.

### **Fifth Affirmative Defense – No Relief for Future Actions**

1    5.    As a separate and independent affirmative defense, Petitioners have not brought an

2    action under Cal. Gov't Code section 54960 concerning mandamus claims for the purpose of

3    "stopping or preventing violations or threatened violations" of the Brown Act, and are therefore

4    prohibited from obtaining relief that otherwise may have been available through that section.

5    **Sixth Affirmative Defense – Failure to Exhaust Administrative Remedies**

6    6.    As a separate and independent affirmative defense, Petitioners' claim is barred to

7    the extent Petitioners failed to exhaust administrative remedies, including by failing to comply

8    with pre-lawsuit notice and claims-presentation requirements.

9    **Seventh Affirmative Defense – Statutory Defense: Contractual Obligation**

10   7.    As a separate and independent affirmative defense, Petitioners' claim is barred as

11   the action challenged has given rise to a contractual obligation upon which a party has

12   detrimentally relied, and therefore the action taken shall not be determined to be null and void

13   pursuant to Cal. Gov't Code section 54960.1(d)(3).

14   **Eighth Affirmative Defense – Statutory Defense: Substantial Compliance**

15   8.    As a separate and independent affirmative defense, Petitioners' claim is barred

16   because, even accepting Petitioner's arguments, the doctrine of substantial compliance establishes

17   that the action challenged shall not be determined to be null and void pursuant to Cal. Gov't Code

18   section 54960.1(d)(1).

19

20   Dated:    October 26, 2018        ARTURO J. GONZÁLEZ
21                                     ALEXIS A. AMEZCUA
                                       TIMOTHY S. KLINE
22                                     MORRISON & FOERSTER LLP

23
                                       By:    /s/ *Arturo J. González*
24                                            Arturo J. González

25                                     Attorneys for Respondents
                                       THE CITY OF RICHMOND, MAYOR TOM
26                                     BUTT, and RICHMOND CITY COUNCIL

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

/s/ Arturo J. González
Arturo J. González
AGonzalez@mofo.com