# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPRAWLDEF, ET AL.,**<br>Petitioners,<br>vs.<br>**CITY OF RICHMOND, ET AL.,**<br>Respondents. | CASE NO. 18-cv-03918-YGR<br>**ORDER DENYING MOTION OF GUIDIVILLE RANCHERIA TO DISMISS**<br>Dkt. No. 45 |

Currently pending before the Court is the Motion of respondent Guidiville Rancheria of California ("the Tribe"), which has specially appeared to seek dismissal of the claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and dismissal of the action in its entirety under Rule 12(b)(7) for infeasibility of its joinder as a necessary and indispensable party under Rule 19. Both grounds for dismissal turn upon the question of the Tribe's asserted of sovereign immunity.

Having carefully considered the papers and evidence submitted, and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion to Dismiss.

I. **BACKGROUND**

A. **Prior Litigation and Settlement**

On March 16, 2012, Upstream Point Molate, LLC ("Upstream") and the Tribe filed suit in before this Court entitled *Guidiville Rancheria of California, et al. v. United States, et. al.*, 12-cv-1326-YGR ("the *Guidiville* action"). The *Guidiville* action sought declaratory relief with respect to certain federal agency decisions affecting the Tribe's rights, as relief arising from the City of Richmond's alleged breach of a land development agreement with Upstream. After lengthy litigation, including an appeal to the Ninth Circuit resulting in a reversal and remand to this Court, the parties to the Guidiville action reached a settlement agreement and stipulated judgment, entered as the judgment of the Court on April 12, 2018. (Administrative Record herein ["AR"]

5088 *et seq.*)

**B.     Procedural History of this Action**

Petitioners SPRAWLDEF *et al.* filed their petition for writ of mandate against respondents City of Richmond, *et al*. (collectively, "the City respondents"). The petition herein alleges that the City violated the Brown Act, California's open meeting law, because its entry into the settlement of the *Guidiville action* was a land-use policy requiring a public process, including notice, open meetings, findings, and adoption, but instead the City entered into the agreement without public notice and in a closed-session city council meeting.

The City moved to dismiss the petition. (Dkt. No. 12.) At the hearing on the motion to dismiss, after discussion on the record with the Court, the City respondents requested to withdraw their motion and file an answer to the petition. The Court granted the request to withdraw and file an answer and directed the parties to meet and confer as to whether non-parties Upstream Point Molate, LLC and/or the Guidiville Rancheria of California ought to be joined in these proceedings as a necessary party or a real party in interest. (Dkt. No. 18.)

In a joint case management statement filed September 28, 2018, petitioners and the City stated:

> The City, having conferred with Upstream and the Tribe, understands the position of Upstream and the Tribe to be that they are necessary parties to the litigation pursuant to Federal Rule of Civil Procedure 19 and that the Tribe does not waive its sovereign immunity regarding the petition.
>
> Without conceding any of Upstream's or the Tribe's contentions or that Upstream or the Tribe are appropriate parties to the present writ, Petitioners and Respondents stipulate that Petitioners may file an unopposed motion for leave to file a first amended petition naming Upstream and the Tribe as interested parties, and seek to serve all parties with the amended petition, as soon as possible, and in no event later than fifteen (15) days after the filing of the amended petition. Respondents reserve all rights in responding to that amended petition.

(Dkt. No. 25.) Thereafter, petitioners filed an administrative motion for leave to name the Tribe and Upstream as respondents. (Dkt. No. 27.) The administrative motion stated that the "proposed additional respondents may be affected by the decision in the SPRAWLDEF case here because of potential consequent effect on the stipulated judgment in *Guidiville*." (*Id*. at 4.) The City did not oppose the motion, while Upstream and the Tribe indicated that it was an interested party. (*Id.*)

1  The Court granted the unopposed motion and petitioners thereafter filed a First Amended Petition
2  naming Upstream and the Tribe as respondents. (Dkt. Nos. 28, 32.)

## II. APPLICABLE STANDARDS

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Issues of tribal sovereign immunity, though considered "quasi-jurisdictional," nevertheless may be raised by way of a motion under Rule 12(b)(1). *Pistor v. Garcia*, 791 F.3d 1104, 1110–11 (9th Cir. 2015) (citing *Pan Am. Co. v. Sycuan Band of Mission Indians,* 884 F.2d 416, 418 (9th Cir.1989)). "In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, 'the party asserting subject matter jurisdiction has the burden of proving its existence,' *i.e.* that immunity does not bar the suit." *Id*. (citing *Miller,* 705 F.3d 919, 927-28 (9th Cir. 2013)).

Under Rule 12(b)(7), a party may move to dismiss a case for failure to join a party whose presence is needed for a just adjudication as stated in Rule 19. *See EEOC v. Peabody Western Coal Co.,* 400 F.3d 774, 778 (9th Cir. 2005). A motion to dismiss an action under Rule 12(b)(7) will be granted only if the court determines that: (1) joinder of the party is not possible; and (2) the party is, in fact, "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). The burden of persuasion is on the party moving to dismiss for failure to join. *Id*. (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

Rule 19 provides, first, that a person "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Next, if such a joinder is not feasible, the court must determine whether the litigation may proceed without the party "in equity and good conscience" or must be dismissed Fed. R. Civ. P.

3

19(b). In making this determination, the court must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "The Ninth Circuit has not adopted a blanket rule of indispensability when the absent party is a tribe and has "consistently applied the four[-]part balancing test" to determine the correct outcome under Rule 19(b). *Union Pac. R.R. Co. v. Runyon*, 320 F.R.D. 245, 254 (D. Or. 2017) (quoting *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1162 (9th Cir. 2002)). "The absent party's sovereign status does, however, play a role in the analysis." *Id*.

**III.   DISCUSSION**

    **A.   Dismissal for Lack of Subject Matter Jurisdiction**

The Tribe first seeks dismissal based on its contentions that sovereign immunity precludes any action against it. It contends that it did not waive sovereign immunity in this action and therefore cannot be a party. The Court disagrees.

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). Tribes may invoke a federal forum, whether to seek affirmative relief or to defend litigation on the merits, while still retaining their sovereign immunity. *McClendon v. United States,* 885 F.2d 627, 630 (9th Cir.1989) ("[i]nitiation of a lawsuit necessarily establishes consent to the court's adjudication of the merits of that particular controversy," but it does not waive immunity to all "related matters, even if those matters arise from the same set of underlying facts"). "[T]o relinquish its immunity, a tribe's waiver must be 'clear.'" *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 418 (2001) (citing *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991)).

4

Thus, for example, the United States Supreme Court has held that a tribe waives its immunity from suit and submits to a court's jurisdiction "with the requisite clarity" when it enters into an arbitration agreement providing for enforcement of the award by a "court of competent jurisdiction." *C & L Enterprises, Inc.*, 532 U.S. at 420; *see also Kenneth H. Hughes, Inc. v. Aloha Tower Dev., Corp.,* 654 F.Supp.2d 1142, 1149–50 (D. Haw. 2009) (since "[the tribe] expressly waived sovereign immunity by virtue of its contractual agreement to proceed before an arbitrator, the arbitrator did not manifestly disregard the law when determining that attorneys' fees was within the scope of the waiver").

Similarly, the Ninth Circuit has held that sovereign immunity was waived when a tribe intervened in a lawsuit regarding fishing rights and submitted to the court's continued jurisdiction over the terms of an injunction. *United States v. State of Or.*, 657 F.2d 1009, 1015 (9th Cir. 1981). By so doing, the tribe "assumed the risk that any equitable judgment secured could be modified if warranted by changed circumstances. . . . and that the Tribe itself would be bound by an order it deemed adverse." *Id.*; *see also In re White,* 139 F.3d 1268, 1272 (9th Cir.1998) (by filing a claim in bankruptcy case, tribe risked the consequence of an adverse adjudication and waived its immunity from such consequence); *Kenneth H. Hughes, Inc. v. Aloha Tower Dev., Corp.,* 654 F.Supp.2d 1142, 1149–50 (D.Haw.2009) (since "[the tribe] expressly waived sovereign immunity by virtue of its contractual agreement to proceed before an arbitrator, the arbitrator did not manifestly disregard the law when determining that attorneys' fees was within the scope of the waiver").

Here, the Tribe previously invoked the jurisdiction of this Court by entering into the settlement agreement and stipulated judgment in the *Guidiville Rancheria* action. The terms of the agreement state, in pertinent part,

> 47. The Court shall retain jurisdiction over this Action to enforce the terms of this Judgment. To avoid doubt, this Judgment applies to and is binding upon the Tribe and Upstream and the City, and their respective heirs, successors, assigns and future councils for the City and the Tribe. Consistent with settled law, any change in the composition of the City Council for the City shall not alter the City's obligations under this Judgment.

(AR 5101, Settlement Agreement and Stipulated Judgment, ¶ 47.) The petition herein is a

5

collateral challenge to the enforceability of that judgment on the grounds that the City did not have proper authority to enter into it at the time due to the public entity notice requirements in the Brown Act. The instant action falls within this Court's jurisdiction to modify and enforce the stipulated judgment. The Tribe expressly submitted to the Court's continued jurisdiction to enforce, and implicitly to modify, the judgment under the terms of the settlement agreement. The Court therefore finds that the Tribe's waiver of its immunity was clear for purposes of the instant action.[1]

### B. Dismissal for Infeasibility of Joinder

The Tribe further argues that the action cannot proceed "in equity and good conscience" because the Tribe is a necessary and indispensable party to the action, but its sovereign immunity precludes any action against it. Thus, the Tribe submits the entire action must be dismissed pursuant to Rule 12(b)(7). As stated above, the Court finds the Tribe's sovereign immunity has been waived, rendering the dismissal for infeasibility of joinder argument moot. However, because petitioners dispute whether the Tribe is a necessary party under Rule 19, the Court makes a few observations.

Rule 19 requires a two-part analysis: first, the court must "determine if an absent party is 'necessary' to the suit; then if . . . the party cannot be joined, the court must determine whether the party is 'indispens[a]ble' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). To determine whether a party is "necessary," the court considers whether complete relief is possible among the remaining parties to the suit, and whether the absent party "has a *legally protected interest* in the suit . . . [which]

---

[1] Petitioners further argue that their interests under the Brown Act, a statute meant to protect California citizens' interest in open government, would outweigh the Tribe's claims of sovereign immunity citing the California Supreme Court's decision in *Agua Caliente Band of Cahuilla Indians v. Superior Court* (2006) 40 Cal.4th 239, 244-245 (2006). *Agua Caliente* itself was careful to state that its "abrogation of the sovereign immunity doctrine under these facts is narrow and carefully circumscribed to apply only in cases where California, through its Fair Political Practices Commission, sues an Indian tribe for violations of state fair political practice laws." *Id*. at 261. No federal authorities have cited to *Agua Caliente*, whether to approve or disapprove. Given the singularity of the decision, and the Court's determination that the Tribe here waived its sovereign immunity, the Court declines to extend the reasoning of *Agua Caliente* to the circumstances at bar.

must be more than a financial stake and more than speculation about a future event." *Id.* (internal citations omitted, emphasis in original). While an absent party generally has no legally protected interest a government agency's prospective compliance with procedures, they may nevertheless have an interest in government procedures affecting their present rights and entitlements. *Id.* (absent tribes were necessary to the extent the relief sought redistribution of existing fishing rights but not necessary parties to prospective injunctive relief regarding promulgation of future regulations).

Petitioners argue that the Tribe has no legal interest in the only right asserted in the petition: enforcement of the City's compliance with its ministerial duties to engage in open government decision-making under the Brown Act. However, the Tribe has an interest in the matters at issue in the petition because granting the petition would void its settlement agreement with the City. The relief sought—voiding an existing agreement under which the Tribe has both a monetary entitlement to sale proceeds and an option to acquire Point Molate real property—would interfere with those interests and obligations as a practical matter. Fed. R. Civ. P. 19(a)(1)(B). While petitioners contend that granting the petition would "only" void *the City's* agreement to the stipulated judgment and settlement, the notion that such a determination would not affect the rights of another party to that same stipulated judgment and agreement defies reason. Thus, the Court concludes that the Tribe is a necessary party and its joinder was proper in this action under Rule 19(a).[2]

### IV. CONCLUSION

Based upon the foregoing, the Tribe's motion to dismiss is **DENIED**.

This terminates Docket No. 45.

**IT IS SO ORDERED.**

Dated: June 19, 2019

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[2] Because joinder of the Tribe is feasible (*i.e.* not barred for lack of jurisdiction), and in fact has occurred already, the factors set forth in Rule 19(b) for determining whether the Court should dismiss for infeasibility of joinder have no application here.