United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SPRAWLDEF, ET AL.,**<br><br>Petitioners**,**<br><br>vs.<br><br>**CITY OF RICHMOND, ET AL.,**<br><br>Respondents**.** | CASE NO. 18-cv-03918-YGR<br><br>**ORDER DENYING STIPULATED REQUEST FOR EXTENSION OF TIME; VACATING BRIEFING AND HEARING SCHEDULE ON MOTION FOR JUDGMENT ON THE PLEADINGS; AND DIRECTING PARTIES TO FILE STATEMENTS AS TO EFFECT OF PENDENCY OF APPEAL**<br><br>Dkt. No. 91 |

The Stipulated Request for Extension of Time on the Briefing Schedule for the Motion for Judgment on the Pleadings (Dkt. No. 91) is **DENIED WITHOUT PREJUDICE**, and the briefing and hearing schedule on the Motion for Judgment on the Pleadings (Dkt. No. 87) is **VACATED**. The Court seeks clarification on the parties' positions as to the effect of the pending appeal on the Court's jurisdiction to hear the motion, for the reasons set forth more fully herein.

**I.     PROCEDURAL HISTORY**

The petition in this matter was removed from state court on June 29, 2018, by Respondents Mayor Tom Butt, City of Richmond, Richmond City Council ("the City"). The petition seeks to challenge the April 12, 2018 entry of a stipulated judgment between the City and Upstream Point Molate, LLC ('Upstream') and the Guidiville Rancheria of California ('the Tribe') in *Guidiville Rancheria of California et al v. United States of America et al*, Northern District of California Case No. 4:12-cv-01326. The City moved to dismiss the petition shortly after removal on the grounds that no claim was stated under the Brown Act. With the Court poised to deny the motion on the record at September 11, 2018 hearing, the City withdrew the motion to dismiss, opting instead to file an answer on September 24, 2018. (Dkt. No. 23.)

On October 2, 2018, the Court issued a schedule for briefing on the merits of the petition

1 and on a schedule for petitioners to file a motion to amend the petition to name "Upstream Point

2 Molate, LLC ['Upstream'] and the Guidiville Rancheria of California ['the Tribe'] as interested

3 parties, without conceding that they are necessary parties or that the Tribe retains sovereign

4 immunity." (Dkt. No. 26.) On October 18, 2018, the Court granted the administrative motion to

5 amend the petition and add Upstream and the Tribe as respondents. (Dkt. No. 28.)

6 On January 9, 2019, the Tribe filed a motion to dismiss the petition on grounds of

7 sovereign immunity of the Tribe and the Court's inability to proceed on the remainder of the

8 litigation without the Tribe as a party. (Dkt. No. 45.) On January 16, 2019, the Tribe filed a

9 motion to stay briefing on the petition on the merits pending the Court's decision on the Tribe's

10 motion to dismiss. (Dkt. No. 49.)

11 Thereafter, on January 29, 2019, Court denied the Tribe's motion to stay the action

12 pending disposition of the Tribe's motion to dismiss. (Dkt. No. 54). After having duly considered

13 the parties papers in support of and in opposition to the Tribe's motion to dismiss, on June 19,

14 2019, the Court issued its order denying the motion on the grounds that the Tribe had waived its

15 tribal sovereign immunity. (Dkt. No. 58.) With the pleading motions concluded, the Court also

16 directed the parties to meet and confer on a proposed schedule for completing their briefing on the

17 merits of the petition, since the Tribe and Upstream had not yet filed a response on the merits.

18 (Dkt. No. 59.)

19 Five days later, on June 24, 2019, the Tribe filed a Notice of Appeal of the Court's order

20 denying its motion to dismiss. (Dkt. No. 60.) In a status report filed June 27, 2019, the Tribe

21 asserted that the appeal divested the Court of jurisdiction to proceed on the merits. (Dkt. No. 61.)

22 Petitioners took no position on the effect of the appeal. (*Id*.) Consistent with the Tribe's position

23 in the status report and Ninth Circuit authority on the matter, the Court concluded that it was

24 without jurisdiction to proceed on the merits of the petition and did not set a briefing schedule on

25 the merits of the petition. *See Pistor v. Garcia*, 791 F3d 1104, 1110 (9th Cir. 2015) (order

26 denying tribal sovereign immunity is immediately appealable under the collateral order doctrine);

27 *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F3d 1085, 1089 (9th Cir. 2007)

28 (generally "[a] district court's denial of a motion to dismiss is not a final decision within the

2

meaning of 28 U.S.C. § 1291, [but] . . . an adverse decision . . . denying tribal sovereign immunity as a complete defense to proceeding with the litigation" is considered a final decision for purposes of appellate jurisdiction).

On July 30, 2019, petitioners filed a motion for preliminary injunction, seeking an order "to preserve the status quo," meaning to stay implementation of the underlying stipulated judgment in the *Guidiville Rancheria* case until the appeal and the petition could be resolved. (Dkt. No. 64.)

The City then filed an administrative motion on August 2, 2019 (Dkt. No. 69), seeking a stay of the action until the Ninth Circuit issued an order on the Tribe's pending appeal, arguing that "the Court is divested of jurisdiction" due to the appeal. In the alternative, the City sought an extension of time to respond to the preliminary injunction motion. (*Id.* at 1.) Petitioners opposed the administrative motion on the grounds that, even though the Court was without jurisdiction to consider the merits of the petition pending the Tribe's appeal, "[t]he principal of exclusive appellate jurisdiction is not absolute and the lower court's jurisdiction to preserve the status quo on appeal is well established," citing *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.* (9th Cir. 2001) 242 F.3d 1163, 1166.

Agreeing with the petitioners on this point, the Court issued an order on August 8, 2019, denying the motion as follows:

> The Court having duly considered the administrative motion (Dkt. No. 69) and opposition thereto, the administrative motion of respondents City of Richmond, *et al.*, *to stay further briefing or consideration of petitioners' pending motion for preliminary injunction* (Dkt. No. 64) is **DENIED**.
> The request, in the alternative, to delay filing of the City's response to the motion for preliminary injunction until September 17, 2019, is **DENIED**. The City has not offered facts sufficient to establish good cause for a delay of this length.

(Dkt. No. 74, emphasis supplied.)[1] The Court also adjusted the briefing and hearing schedule on

---

[1] The City's motion for judgment on the pleadings incorrectly suggests that the City requested a stay immediately after the Tribe filed its notice of appeal, rather than in direct response to petitioners' motion for preliminary injunction. (Dkt. No. 87 at ECF 7-8.) The Court's order denying the City's motion was limited to the City's request "to stay further briefing or consideration of petitioners' pending motion for preliminary injunction," (Dkt. No. 74,) since consideration of that injunctive relief was unaffected by the pendency of the appeal.

3

the pending motion for preliminary injunction. (*Id.*) The Court held a hearing on the motion for preliminary injunction on September 10, 2019, at which time the petitioners agreed to withdraw the motion without prejudice to re-setting it for a hearing after having an opportunity to participate in a settlement conference with Magistrate Judge Joseph C. Spero. (Dkt. No. 78.)

In the related *Guidiville Rancheria* action, on November 12, 2019, the City, the Tribe, and Upstream submitted a revised proposed judgment, which the Court has now entered. (*See Guidiville Rancheria of California et al v. United States of America et al*, Northern District of California Case No. 4:12-cv-01326, at Dkt. No. 410.)

## II. THE CITY'S PENDING MOTION FOR JUDGMENT ON THE PLEADINGS

On November 15, 2019, the City filed a motion for judgment on the pleadings, arguing that the petition is resolved by the amended judgment in the *Guidiville Rancheria* action, and the public hearing and open session vote of the City Council in which the revised settlement agreement and proposed judgment was approved (Dkt. No. 87.) Respondent Upstream filed a joinder in the motion. (Dkt. No. 89, 90.)

It appears to the Court, given the pendency of the Tribe's appeal, that it lacks jurisdiction to rule on the merits of the petition, including a motion for judgment on the pleadings.

The City, Upstream, the petitioners, and specially appearing respondent the Tribe are directed to file brief statements of **no more than 5 pages each** by **November 26, 2019**, setting forth their respective positions on the effect of the Tribe's pending appeal on the Court's ability to rule on the pending motion for judgment on the pleadings.

This terminates Docket No. 91.

**IT IS SO ORDERED.**

Dated: November 21, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**