UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPRAWLDEF, ET AL.,** <br> Petitioners, <br> vs. <br> **CITY OF RICHMOND, ET AL.,** <br> Respondents. | CASE NO. 18-cv-03918-YGR <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Dkt. Nos. 103, 126 |

Petitioners Paul Carman, Citizens for East Shore Parks, James Hanson, SPRAWLDEF, Pamela Stello, and Tony Sustak bring the instant petition against respondents Mayor Tom Butt, City of Richmond, and Richmond City Council (collectively, "the City"). The petition alleges a violation of California's Brown Act, Government Code §§ 54950 *et seq*. arising from approval of a settlement agreement and the resulting judgment in the underlying action, *Guidiville Rancheria of Cal. v. United States of Am.*, Northern District of California Case No. 12-cv1326-YGR ("the *Guidiville* action").

Presently before the Court are two motions filed by petitioners:

(1) A motion for preliminary injunction, filed April 11, 2020, seeking to bar respondents herein from proceeding further on implementation of the settlement agreement and judgment in the *Guidiville* action and preserve the status quo pending an appeal by respondent Guidiville Rancheria of California ("the Tribe"). (Dkt. No. 103.) The Court heard arguments on this motion

on May 19, 2020, and at that time set a schedule for supplemental briefing on the specifics of the remedy petitioners seek in the petition. Supplemental briefing was completed on July 21, 2020. (*See* Dkt. Nos. 121, 122, 124.)

(2) A motion for a temporary restraining order, filed August 10, 2020, likewise seeking to bar implementation of the *Guidiville* action pending the Court's decision on the preliminary injunction.

The Court, having carefully reviewed the completed briefing and oral argument on the preliminary injunction, as well as petitioners' motion for temporary restraining order and the record of the proceedings, and for the reasons stated herein, rules as follows:

(1) the motion for preliminary injunction is **DENIED** for failure to establish a likelihood of success on the merits;

(2) the motion for temporary restraining order is **DENIED AS MOOT**.

## I.     The Instant Petition

The petition herein alleges a violation of California's Brown Act based upon respondents' approval of a settlement agreement in *Guidiville Rancheria of Cal. v. United States of Am.*, Northern District of California Case No. 12-cv-1326 YGR ("*Guidiville*") and the resulting judgment entered therein. In that action, the City, Upstream Point Molate LLC ("Upstream"), and the Tribe settled litigation concerning breach of a land disposition agreement (LDA) related to Point Molate. The City, Upstream, and the Tribe were parties to the settlement agreement, which was memorialized in the form of judgment submitted to and entered by the Court in the *Guidiville* action on April 12, 2018. (*Id.* at Dkt. No. 361 ["Original Judgment"].)

Petitioners allege that the settlement agreement and Original Judgment provided entitlements to certain land use approvals for development at Point Molate, and that the settlement agreement was required to have been approved in open session of the City Council. The City disputes any Brown Act violation, contending that the statute contains an express exception that permitted the City to approve a litigation settlement in closed session.

## II. Summary of Procedural History

What follows is a brief summary of the relevant history of this litigation, following from respondents' removal of the petition to this Court:

The City filed its motion to dismiss the petition on July 20, 2018. (Dkt. No. 12.) After the hearing, the motion was withdrawn and a schedule for submission of an administrative record and briefing was issued. Following the Court's inquiry as to whether the parties to the underlying settlement agreement—Upstream and the Tribe—should be named as real parties in interest, petitioners amended their petition to name them as respondents. (Dkt. No. 32.)

The Tribe then moved to dismiss the petition on grounds of sovereign immunity, which this Court denied in an order issued June 19, 2019. (Dkt. No. 58.) That decision was appealed by the Tribe, and the appeal remains pending as of the date of this Order. (*See SPRAWLDEF v. Guidiville Rancheria of Cal*., Ninth Circuit Docket No. 19-16278.)

Petitioners filed their first motion for preliminary injunction to enjoin Respondents "from making, planning or enacting any administrative approvals, hearings, environmental analyses, studies, expenditures, contracts, agreements, negotiations and any other action in furtherance of the Guidiville settlement." (Dkt. No. 68 at 4.) At the Court's suggestion, the parties agreed to return to Judge Spero for settlement discussions, and petitioners withdrew their motion for preliminary injunction without prejudice. (Dkt. No. 78.) The parties participated in a settlement conference with Judge Spero on October 23, 2019, but did not reach a resolution of the petition. (Dkt. No. 86.)

Following the settlement conference, the City, Tribe, and Upstream agreed to a proposed Amended Judgment in the *Guidiville* action. The City contends the proposed Amended Judgment added language to confirm that the City retained discretion regarding any entitlements in connection with development at Point Molate. The Richmond City Council held a public hearing during its November 5, 2019, City Council meeting to consider approval of the proposed Amended Judgment. (Dkt. No. 88, Request for Judicial Notice ("RJN"), Exh. B [Amended Judgment].) The City represents that members of the public provided comments on this agenda item, including petitioners Pamela Stello and Tony Sustak, and the City Council held an open

1  session vote, approving the proposed Amended Judgment.[1] Petitioners did not move at that time
2  for any injunctive relief.

3  Rather, on November 15, 2019, respondents moved for judgment on the petition on the
4  grounds that the instant petition was moot as a result of actions it took in agendizing and holding a
5  public hearing to approve an Amended Judgment in the *Guidiville* action. (Dkt. No. 87.) While
6  respondents continued to dispute the merits of the petition, the City contended that the proposed
7  Amended Judgment, approved by the City Council at an open session, cured any alleged Brown
8  Act violation per California Government Code section 54960.1(e). (*See* Dkt. No. 87.)

9  After soliciting and reviewing the parties' positions on the effect of the Tribe's pending
10 appeal on its jurisdiction to hear the motion for judgment on the pleadings, the Court issued an
11 order on December 11, 2019, finding that it was without jurisdiction to consider that motion, since
12 a decision on that motion likely would materially alter the status of the case on appeal (citing
13 *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001)). (Dkt. No. 97.) Petitioners took no
14 further action until the filing of the instant motion for preliminary injunction in April 2020.

15 **III.    DISCUSSION**

16 Petitioners now move for a preliminary injunction citing Federal Rule of Appellate
17 Procedure 8(a)(1)(C), which allows a party to move in the district court for "an order suspending,
18 modifying, restoring, or granting an injunction while an appeal is pending," and Federal Rule of
19 Civil Procedure 62, concerning stay of proceedings to enforce a judgment.[2] Neither of these rules
20 appears to address the injunction sought here—enjoining continued implementation of a judgment
21 entered *in another action*, but procedurally challenged herein. Regardless, those Rules are subject
22 to the same principles generally applicable to injunctive relief.

23 A preliminary injunction is a matter of equitable discretion and is "an extraordinary
24 remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

---

[1] That proposed Amended Judgment was entered by the Court on November 21, 2019, in the *Guidiville* action. (*Guidiville*, Case No. 12-cv-1326-YGR, Dkt. No. 410.)

[2] While petitioners cited to Rule 62(c), concerning stay of an injunction pending appeal, the Court assumes from context that they intended to cite Rule 62(d) concerning injunctions pending appeal. However, neither subsection appears to apply here, where the order appealed from is not one to grant, modify, or dissolve an injunction.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking preliminary injunctive relief must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction may issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiffs'] favor," provided that plaintiff can also demonstrate that the balance of equities and public interest favor such relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). "[A] court retains jurisdiction during the pendency of an appeal to act to preserve the status quo," so long as it does not materially alter the status of the case on appeal. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

The Court finds that petitioners have failed to meet their burden on the essential first element of likelihood of success on the merits of their claim challenging the City's procedures in acting to approve the original *Guidiville* settlement and judgment. The petition herein is an action under a provision of the Brown Act, Government Code section 54960.1, which provides:

> district attorney or any interested person may commence an action by mandamus or injunction for the purpose of obtaining a judicial determination that an action taken by a legislative body of a local agency in violation of Section 54953 [open and public meetings], 54954.2 [agenda posting], 54954.5 [closed sessions], 54954.6 [increased taxes], 54956 [special meetings], or 54956.5 [emergency situations] is null and void under this section. *Nothing in this chapter shall be construed to prevent a legislative body from curing or correcting an action challenged pursuant to this section.*

Cal. Gov't Code § 54960.1(a) (emphasis supplied). "To state a cause of action, a complaint based on [section] 54960.1 must allege: (1) that a legislative body of a local agency violated one or more enumerated Brown Act statutes; (2) that there was 'action taken' by the local legislative body in connection with the violation; and (3) that before commencing the action, plaintiff made a timely demand of the legislative body to cure or correct the action alleged to have been taken in violation of the enumerated statutes, *and the legislative body did not cure or correct the challenged action*." *Bell v. Vista Unified Sch. Dist.*, 82 Cal.App.4th 672, 684-85 (2000). Section 54960.1(e) of the California Government Code provides:

5

> *During any action seeking a judicial determination pursuant to subdivision (a)* if the court determines, pursuant to a showing by the legislative body that an action alleged to have been taken in violation of Section 54953, 54954.2, 54954.5, 54954.6, 54956, or 54956.5 has been cured or corrected by a subsequent action of the legislative body, the action filed pursuant to subdivision (a) shall be dismissed with prejudice.

Cal. Gov't Code § 54960.1(e) (emphasis supplied). Thus, the statute "anticipates potential correction ***following filing of the mandamus action***." *Bell*, 82 Cal.App.4th at 685 (emphasis supplied).

While petitioners contend that they already made a strong showing on the merits of their Brown Act violation in the opposition to the City's 2018 motion to dismiss, petitioners overlook the changed factual circumstances following the hearing on that motion. Petitioners concede that the settlement agreement and judgment in the *Guidiville* action were amended. (*See* April 11, 2020 Motion for Prelim. Inj., Dkt. No. 103 at 6:25-26, and Reply, Dkt. No. 111, *passim*.) Here, the record indicates, and petitioners do not dispute, that the amended settlement agreement and proposed Amended Judgment in the underlying *Guidiville* action were agendized and considered in an open meeting of the City Council and approved therein.[3] Petitioners argue that the land use decisions of the original settlement, decided in a "secret deal" and closed session, are perpetuated by the Amended Judgment. But petitioners never explain why approval of those land use decisions in an agendized, open meeting of the City Council would not cure the *Brown Act open meeting violation* they alleged and therefore require dismissal of the petition herein. *Cf. Fowler v. City of Lafayette*, 46 Cal.App.5th 360, 371–72 (2020), *as modified on denial of reh'g* (Mar. 11, 2020), *review denied* (July 22, 2020) (although city violated Brown Act by failing to disclose litigation threat regarding land use approval discussed in closed session, that violation did not support nullification of the land use approval in open session; section 54960.1 only authorizes nullification only of the *action taken in violation* of the specified statutes).

While the Court cannot reach the merits of the underlying petition while the Tribe's appeal is pending, it must nevertheless take into account these factual developments in determining the

---

[3] While petitioners raised the specter of additional, potential (and unpleaded) Brown Act violations in their reply, the record indicates the City cured those more recent issues.

6

1    petitioners' likelihood of success.  Whatever claim petitioners might have brought concerning the
2    substance of the *Amended* Judgment and the land use entitlements they allege it contains, the
3    approval of the Amended Judgment in an open, noticed meeting appears to preclude petitioners'
4    claim under the Brown Act.

5        Petitioners' citation to the Ninth Circuit's recent decision in *Cuviello v. City of Vallejo*,
6    944 F.3d 816, 824-825 (9th Cir. 2019) does not change this analysis.  That case concerned
7    amendment of an ordinance alleged to be in violation of the First Amendment right to free speech.
8    The court there found that a post-litigation amendment of the ordinance, while a lesser incursion
9    on those rights, continued to present constitutional problems.  *Id*.  Here, the Brown Act expressly
10   provides for an agency to take action to cure a violation during the pendency of a petition
11   challenging that violation.  Cal. Gov't Code § 54960.1(e).  Further, unlike the facts presented in
12   *Cuviello*, the amended judgment apparently was approved in an open session of the City Council,
13   such that it does not "threate[n] to harm a plaintiff in the same fundamental way" as the violation
14   alleged in the petition here: approval of the original judgment in a closed session in violation of
15   the Brown Act's open meetings requirements.[4]

16       While the Court wholeheartedly agrees that "[o]penness in government is essential to the
17   functioning of a democracy," *International Federation of Professional & Technical Engineers,*
18   *Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319, 328 (2007), the Brown Act specifically
19   permits the legislative agency to cure defects in the open government process.  The record here
20   indicates that the City did so.  Thus, petitioners have not met their burden to show that their
21   Brown Act claim is likely to be viable in light of the City's action to cure the defects alleged in the
22   petition.

23       Because petitioners have failed to meet this initial burden of likelihood of success, the
24   Court need not and does not consider the irreparable harm, balance of equities, and public interest

---

[4] Likewise, the Brown Act's cure provisions make irrelevant petitioners' citation to *Federal Trade Commission v. Consumer Defense, LLC,* 926 F.3d 1208, 1214 (9th Cir. 2019), and its holding that a traditional showing of irreparable injury is not required in cases involving statutory enforcement.  In the absence of a showing of likelihood of success, even a more lenient standard for demonstrating irreparable harm will not warrant the extraordinary relief of an injunction.

7

factors stated in *Winter*.

IV. **CONCLUSION**

In light of the foregoing, petitioners' motion for a preliminary injunction is **DENIED**. Further, petitioners' motion for a temporary restraining order pending decision on the preliminary injunction is now moot and is **DENIED** on that basis.

This terminates Docket Nos. 103 and 126.

**IT IS SO ORDERED.**

Dated: August 14, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**