UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPRAWLDEF, ET AL.,**<br><br>Petitioners**,**<br><br>vs.<br><br>**CITY OF RICHMOND, ET AL.,**<br><br>Respondents**.** | CASE NO. 18-cv-03918-YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND; GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Dkt. Nos. 130, 134 |

Presently before the Court are the motion of petitioners Paul Carman, Citizens for East Shore Parks, James Hanson, SPRAWLDEF, Pamela Stello, and Tony Sustak to amend their First Amended Petition, as well as the motion of respondents Mayor Tom Butt, City of Richmond, and Richmond City Council (collectively, "the City") for judgment on the pleadings as to the operative First Amended Petition.

Having carefully considered the papers submitted, the matters properly subject to judicial notice,[1] and the pleadings and record in this action, and for the reasons set forth below, the Court **DENIES** the motion to amend and **GRANTS** the motion for judgment on the pleadings.[2]

---

[1] The City's requests for judicial notice (Dkt. No. 135, 140) are **GRANTED**. Petitioners' objections to the reply request, concerning filing of the two state court writs of mandate related to Point Molate are **OVERRULED**.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 24, 2020**.

**I.      JUDGMENT ON THE PLEADINGS**

This history of this and the related *Guidiville Rancheria of Cal. v. United States of Am.*, Northern District of California Case No. 12-cv1326-YGR action ("the *Guidiville* action") is extensive and set forth fully in the Court's prior orders in this matter.  As relevant here, the Court previously denied petitioners' motion for preliminary injunction pending the Tribe's appeal.  (Dkt. No. 127 ["Order Denying Preliminary Injunction"].)  As the Court found therein, the Brown Act, Government Code §§ 54950 *et seq.*, specifically permits a legislative body to cure or correct a challenged action, even after the filing of a petition challenging it.  Cal. Gov't Code § 54960.1(a), (e); *Bell v. Vista Unified Sch. Dist.*, 82 Cal.App.4th 672, 684-85 (2000) (stating a Brown Act claim requires, among other things, a showing that the legislative body did not cure or correct the challenged action).  The evidence established that the amended settlement agreement and proposed Amended Judgment in the underlying *Guidiville* action were agendized and considered in an open meeting of the City Council and approved therein.  As the Court found, petitioners had failed to offer any basis for finding that approval of those land use decisions in an agendized, open meeting of the City Council would not cure their alleged Brown Act open meeting violation and require dismissal of the petition herein.  *Cf. Fowler v. City of Lafayette*, 46 Cal.App.5th 360, 371–72 (2020), *as modified on denial of reh'g* (Mar. 11, 2020), *review denied* (July 22, 2020) (although city violated Brown Act by failing to disclose litigation threat regarding land use approval discussed in closed session, that violation did not support nullification of the land use approval in open session; section 54960.1 only authorizes nullification only of the action taken in violation of the specified statutes).  The Court thus concluded:

> [Although] the Court cannot reach the merits of the underlying petition while the Tribe's appeal is pending, it must nevertheless take into account these factual developments in determining the petitioners' likelihood of success.  Whatever claim petitioners might have brought concerning the substance of the *Amended* Judgment and the land use entitlements they allege it contains, the approval of the Amended Judgment in an open, noticed meeting appears to preclude petitioners' claim under the Brown Act.

(Order Denying Preliminary Injunction at 6-7, emphasis in original.)

Thereafter, the Ninth Circuit affirmed this Court's order denying the Tribe's motion to dismiss and mandate issued, restoring this Court's jurisdiction to consider the merits of the FAP.

2

1  (Dkt. No. 128, 133.)

2  With the Court's jurisdiction restored, the City has now moved for judgment on the pleadings on the grounds that the Brown Act violation alleged in the FAP has been cured that therefore the FAP is moot. For the reasons set forth in the Court's Order Denying the Preliminary Injunction, the motion for judgment on the pleadings is **GRANTED**.

**II.    LEAVE TO AMEND**

Petitioners seek leave to amend, both in their opposition to the motion for judgment on the pleadings and in their separately filed motion for leave to amend.

First, in the motion to amend, petitioners seek to amend to "clarify" that they allege a claim "beyond" violation of the Brown Act, namely that there were *two* areas of law violated by the City's actions in approving a development agreement by its settlement of the Guidiville action and the stipulation to entry of judgment thereon. Petitioners' motion to amend is **DENIED**.

The motion to amend comes more than two years after their initial filing in this petition for writ of mandate to overturn the City's approval of a land development agreement. The attempt to retool petitioners' unsuccessful theory is unduly delayed and would prejudice respondents. The administrative record, based on the sole Brown Act claim alleged by petitioners, was lodged two years ago. (Dkt. No. 36.) Were it not for the Tribe's objection to being added as an interested party and its appeal concerning that addition, the writ petition would have been resolved on that lone Brown Act claim long ago. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir.), *cert. denied,* 479 U.S. 816 (1986).

Petitioners' argument in the motion that their proposed amendment merely "clarifies" claims they already alleged is specious. The First Amended Petition, filed October 23, 2018, nowhere indicates that petitioners intended to make a claim under the California Land Use and Planning Law, California Gov't Code sections 65090 *et seq.* (*See* Dkt. No. 32 ["FAP"].) Instead, the FAP alleges violations of, and an action to compel compliance with, the Brown Act only. (*Id.* at caption ["First Amended Petition for Writ of Mandate[,] Brown Act, Gov. Code §54960.1"];

3

Code of Civil Procedure §§ 1085"]; ¶¶ 1, 2, 3, 15, 39, 40.)[3]  The FAP asserts a single claim for relief under the Brown Act. (*Id*. at ¶¶ 42-50.)  The prayer seeks relief under the Brown Act alone. (*Id*. at 8.)

Petitioners' motion further argues that the Court's ruling on the effect of the pendency of the Tribe's appeal indicated they would be permitted to amend the petition once the Court's jurisdiction was restored. (*See* Order at Dkt. No. 97 p. 2 ["Even if the Court determined that judgment on the pleadings could be granted on mootness grounds, petitioners would seek, and likely be entitled to, leave to amend the petition as stated in their supplemental brief."]). Petitioners' supplemental brief (Dkt. No. 95) indicated that petitioners would "seek leave to amend to conform the petition to the continued City violations of the Brown Act and California Government Code zoning and land use enactment." (*Id*. at 4.)  In that supplemental brief, petitioners did not articulate any claim beyond their solitary Brown Act cause of action, but rather argued:

> the "amended" *Guidiville* stipulated judgment merely inserts that City entitlements are discretionary. This makeup does not cure the substantive land-use actions approved by the City. [¶] The Brown Act's admonition to promote judicial enforcement of government openness prevails.

(*Id*.)  Thus, petitioners did not indicate they would seek leave to amend to allege a *new* claim for violation of California Land Use and Planning Law in that briefing.  Moreover, the Court did not suggest leave to make such an amendment would be granted.

In opposition to the motion for judgment on the pleadings, petitioners make the additional argument that they should be permitted to allege violations based on the City's subsequent actions after the settlement and entry of the original judgment in the Guidiville action.  (Dkt. No. 138 at 17.)  They note that there are "two new state court lawsuits" concerning violation of state planning and zoning laws and the California Environmental Quality Act" arising from those subsequent

---

[3]  The one citation in the FAP to any substantive statute other than the Brown Act appears in paragraph 46, which states: "[the City has] reached land use decisions which require open meeting discretionary approvals under California law, including open meetings required under Gov. Code §§ 65852, 65867.5, **65090, 65091**, 65355, 65854 and 65860." (*Id*. at 7; emphasis supplied.)  This passing reference is insufficient to preserve the now-asserted Land Use and Planning Law claim.

4

actions by the City. (*Id.*) The state court is where such complaints belong. The only basis for federal jurisdiction here was that the alleged Brown Act violations directly concerned the entry of judgment in the Guidiville action. The Court has concluded that the alleged Brown Act violations were cured and that alleged violation is now moot. Amendment of the Brown Act claim itself would be futile. Amendment to complain of subsequent violations of state planning and environmental laws arising from the City's development of the property would reach far beyond the narrow basis upon which this Court's jurisdiction stands. Accordingly, petitioner provides, and the Court finds, no basis upon which leave to amend should be granted.

## III. CONCLUSION

Based upon the foregoing, the motion for judgment on the pleadings is granted without leave to amend and judgment on the petition shall be entered in favor of the City. Respondents shall provide the Court with a form of judgment, approved as to form by petitioners, by November 30, 2020.

This terminates Docket Nos. 130 and 134.

**IT IS SO ORDERED.**

Dated: November 20, 2020

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE